UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Peterson,<br><br>        Plaintiff,<br><br> v.<br><br>Allina Health System,<br><br>        Defendants. | Case No. 20-cv-2275 (NEB/BRT)<br><br>**AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, as and for his Complaint, states and alleges as follows:

## PARTIES

1. Plaintiff is an adult man who currently resides and has resided in the state of Minnesota at all times relevant to this action.

2. Defendant Allina Health System is a Minnesota corporation in the business of owning and operating an organization of clinics, hospitals and other health care services. Allina's principal place of business is located in Minneapolis, Minnesota. Its registered office in the state of Minnesota is located at 2625 Chicago Avenue, Mail Route 10905, Minneapolis, Minnesota 55407.

## JURISDICTION

3. This is an action for relief for damages caused by Defendant's conduct. This action originated in Hennepin County District Court. A former defendant in this action, Blackbaud, Inc., removed this action to federal court under the Class Action Fairness Act of 2005. Plaintiff asserts that removal was

improper, and the Court should remand this action to Hennepin County District Court, which has jurisdiction over this matter under the Minnesota Health Records Act, Minn. Stat. § 144.291, *et seq.* Venue lies properly in Hennepin County, Minnesota, pursuant to Minn. Stat. § 542.09, as the events giving rise to this action occurred in Hennepin County and the Defendant resides in Hennepin County.

## **GENERAL ALLEGATIONS**

4. Plaintiff received health care from Defendant Allina on numerous occasions.

5. During the relevant liability period, Defendant released information relating to health care that Plaintiff and other similarly situated individuals received from Allina to a third party, Blackbaud, a provider of software and services.

6. This information includes names and addresses, dates of birth, dates Allina cared for patients, the names of doctors who admitted or treated patients, and Allina locations its patients visited.

7. On information and belief, Blackbaud used this patient information to provide services to Defendant Allina per an agreement between Blackbaud and Allina.

8. In or around May 2020, Blackbaud released some or all of this patient information to another third party, who used this information for nefarious purposes.

9. Plaintiff and similarly situated individuals did not consent to Defendant Allina releasing their health records to Blackbaud.

10. Plaintiff and similarly situated individuals did not consent to Blackbaud releasing their health records to other third parties.

11. Defendant's conduct caused Plaintiff and similarly situated individuals to suffer harm.

12. The harm suffered was foreseeable.

13. This harm includes, but is not limited to, anger, embarrassment, frustration, nervousness, loss of trust, betrayal, and anxiety.

14. Additionally, Defendant's conduct caused Plaintiff and similarly situated individuals to suffer a marked increase in unwanted spam communications from other third parties.

15. The acts and omissions of Defendant's agents and employees, as set forth above, were committed within the time and space limits of their agency relationship with their principal, Defendant Allina.

16. The acts and omissions of Defendant's agents and employees, as set forth above, were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Allina.

## COUNT ONE
**Violation of the Minnesota Health Records Act**

17. Plaintiff restates the previous paragraphs as though fully incorporated herein.

18. Plaintiff and similarly situated individuals were "patients," as that term is construed under the Minnesota Health Records Act, at all times relevant to this action. Minn. Stat. § 144.291, Subd. 2(g).

19. Defendant Allina was a "provider," as that term is construed under the Minnesota Health Records Act, at all times relevant to this action. Minn. Stat. § 144.291, Subd. 2(h).

20. Under the Minnesota Health Records Act, "health record" means any information, whether oral or recorded in any form or medium, that relates to the past, present, or future physical or mental health or condition of a patient; the provision of health care to a patient; or the past, present, or future payment for the provision of health care to a patient. Minn. Stat. § 144.291, Subd. 2(c).

21. The patient information that Defendant Allina released to Blackbaud, as referenced above, constituted "health records," as that term is defined under the Minnesota Health Records Act.

22. The Minnesota Health Records Act makes it unlawful for a provider, or someone who receives records from a provider, to release a patient's health records to third parties without the patient or the patient's legally authorized representative's consent.

23. Defendant released Plaintiff's and similarly situated individuals' health records, as detailed above.

24. Plaintiff and similarly situated individuals did not consent to Defendant releasing their health records in the manner it did, as detailed above.

25. Minn. Stat. § 144.293 sets forth exceptions to the consent requirement.

26. Defendant's release of Plaintiff's and similarly situated individuals' health records, as detailed above, did not fall under any of the exceptions to the consent requirement set forth in Minn. Stat. § 144.293.

27. Defendant negligently and/or intentionally released Plaintiff's and similarly situated individuals' health records.

28. Plaintiff's enforcement of his rights under the Minnesota Health Records Act does not constitute waiver of any privilege or his right to privacy under any laws, including but not limited to the Minnesota Health Records Act.

## **CLASS ACTION ALLEGATIONS**

29. Plaintiff brings this action on behalf of himself and on behalf of all individuals similarly situated. The proposed class is defined as follows: all citizens of Minnesota who had their health records released by Defendant Allina to Blackbaud during the relevant liability period.

30. This action is maintainable as a class action under Minnesota Rule of Civil Procedure 23.01 because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the

claims or defenses of the class, and the representative parties will fairly and adequately protect the interest of the class.

31. This action is also properly maintainable as a class action under Minnesota Rule of Civil Procedure 23.02 because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. The members of the class identified above are so numerous that joinder of all members is impracticable. The exact number of the class is unknown, but it will exceed 40. The exact number may be determined from records maintained by the defendant.

33. There are numerous and substantial questions of law and fact common to all of the members of the Class, including but not limited to the following:

    a. Whether defendant violated the Minnesota Health Records Act;

    b. Whether defendant negligently or intentionally released class members' health records.

34. Defendant is expected to raise common defenses to this class action, including denial that its actions violated the law.

35. The named plaintiff will fairly and adequately protect the interests of the Class and he has retained counsel experienced and competent in the prosecution of complex litigation.

36. The claims of the named plaintiff, set forth herein, are typical of the claims of the Class. The named plaintiff has the same interests and suffered from the same injury as the class members. The named plaintiff and the class the named plaintiff seeks to represent all had their health records released to third parties without their consent.

37. Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against powerful corporate entities.

38. Plaintiff is unaware of any other litigation concerning this controversy commenced by or for other class members.

39. Litigation should be concentrated in this forum because Defendant Allina is headquartered in Minneapolis, which is located within this forum.

40. The Court has the resources and ability to effectively manage this class action.

## JURY DEMAND

41. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Certify this case as a class action;

2. Designate Plaintiff as representative of the class and Plaintiff's counsel as Class Counsel;

3. Declare that Defendant's conduct, as detailed above, violated the Minnesota Health Records Act;

4. Enter judgment in Plaintiff's favor on his claims against Defendant in an amount exceeding $50,000 and less than $5 million, including attorney fees, interest, and costs, the exact amount to be proven at trial;

5. Award Plaintiff and the class damages to compensate them for the injuries they suffered as a result of Defendant's unlawful conduct;

6. Grant Plaintiff leave to amend the Complaint if the Court finds it deficient in any way;

7. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees under Minn. Stat. § 144.298;

8. Leave to add additional Plaintiffs;

9. Grant Plaintiff all other statutory relief to which he is entitled;

10. Grant any other relief the Court deems just and equitable.

Dated: November 20, 2020

*Joshua Williams* (signature)

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

A.L. Brown (#331909)
A.L.Brown@CCLAWG.COM
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
(651) 705-8580
(651) 705-8581 Fax

**ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: November 20, 2020

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEY FOR PLAINTIFF**